(26 Misc. Rep. 507.)

SMITH v. JARVIS et al.

(Supreme Court, Special Term, New York County. February, 1899.)

1. MORTGAGES—ORDER OF SALE—REFUSAL.

    A refusal to issue an order to sell mortgaged premises under a judgment of foreclosure, on a defendant's motion, and against plaintiff's wishes, will be sustained, unless the defendant shows that his rights would be substantially prejudiced by the delay.

2. SAME.

    From time to time after judgment of foreclosure, payments were made on the amount adjudged to be due on the first mortgage, until only two-thirds thereof remained due. A second mortgagee, who was a defendant, moved for an order of sale, against the wishes of plaintiff, the first mortgagee, on the ground that his rights as junior mortgagee could be more conveniently litigated in surplus-money proceedings than in an action to foreclose his mortgage. Held, that a denial of the motion should be sustained, as no substantial rights of the second mortgagee were jeopardized.

3. SAME—EXECUTORS—SUBSTITUTION OF PARTIES,

    On the death of a defendant junior mortgagee after the rendition of judgment for foreclosure in a suit by the first mortgagee, it is proper to permit the executors to intervene so far as may be necessary to entitle them to notice of sale and subsequent proceedings.

Action by Margaret M. Smith against Maria L. Jarvis and others. Frank S. Bond and another, executors of the will of Clarence A. Seward, a junior mortgagee, move to be substituted as parties defendants in his place, and that an order of sale issue on a judgment of foreclosure, and that the amount due on the judgment be ascertained. Granted in part.

Seward, Guthrie & Steele, for the motion.
Henry Hoyt, opposed.

BEEKMAN, J. This action was brought for the foreclosure of a mortgage. The defendant Jarvis was the owner of the equity of redemption, and the defendant Seward was made a party as a junior mortgagee. On the 14th day of April, 1893, judgment of foreclosure and sale was rendered on default. No sale has ever been had under it, and it is now held and owned by George W. Cotterill and Susanna J. Moore by assignment. Payments have been made from time to time upon the amount adjudged to be due on account of the mortgage debt, which has been thus considerably reduced. The defendant

Seward died on the 24th day of July, 1897, and his executors now move for an order substituting them as parties defendant in his place, ascertaining the amount now due on the judgment, and directing the referee appointed to sell the mortgaged premises to proceed with the execution of said judgment.    The motion is resisted by Mrs. Moore.

Although the question of power in the court to grant the relief asked for was raised and discussed on the briefs, I deem it unnecessary to enter at length upon the subject.    I shall assume, as I believe it to be, that the court has the right, in a proper case, to direct the referee under such a judgment to proceed with the sale, on motion of any defendant, and against the wishes of the plaintiff.    Kelly v. Israel, 11 Paige, 147.    The exercise of the power, however, rests in the sound discretion of the court, and the moving party must show that in some substantial way his rights or interests would be jeopardized by delay.    Nothing of the kind, however, has been shown here.    Indeed, the evidence seems to be all the other way.    While the judgment has remained unenforced, it has apparently been reduced in amount by about one-third, —a most distinct advantage to the petitioners, whose security has been thus proportionately increased.    The only ground on which their motion rests is that it would be more convenient to them to have their rights as holders of the junior mortgage litigated in surplus-money proceedings than in an action to foreclose their mortgage, which they have an undoubted right to institute.    I fail to perceive any great advantage in this.    Some little time might, perhaps, be saved;  but, if there is to be any litigation over the mortgage, the time consumed in the trial would be as great in one case as in the other.    But, whatever it may amount to, the advantage to the petitioners is quite offset by the disadvantage the holders of the judgment and the owner of the equity of redemption would suffer by reason of the immediate enforcement of the judgment.    These are considerations which should influence the action of the court on such an application, where, as here, the proofs fail to show any impairment of the interests of the moving party flowing from continued delay.    The remedies of the petitioners are very plain.    They have, of course, the right to redeem, which can only be cut off by an actual sale under the judgment.    If they wish to do so, the court would undoubtedly make an order requiring the owners of the judgment to assign the same to them upon payment of whatever may be due thereon.    They can, also, as has been said, bring an action for the foreclosure of the junior mortgage, and, upon obtaining judgment therein, cause the property to be sold subject to the prior judgment.

Under the circumstances thus briefly considered, I do not think that they should prevail on this branch of the motion.    The petitioners, however, should be allowed to intervene in the action so far as may be necessary to entitle them to notice of sale, and of all subsequent proceedings therein.    The order to be entered on the decision of this motion must so provide, and authorize an appearance by attorney for that purpose.    The ascertainment of the amount due on the judgment which has been asked for is at present unnecessary, in view of the disposition which has been made of the rest of the motion.    It is time

enough to have this done, if it is found to be necessary, when notice of an intended sale is hereafter given.

Notice order for settlement in accordance with the above views.   Ordered accordingly.