(152 App. Div. 425.)

### DANVERS et al. v. SLY et al.

(Supreme Court, Appellate Division, Second Department. September 10, 1912.)

MORTGAGES (§ 594*)—FORECLOSURE—TRANSFER OF JUDGMENT TO JUDGMENT CREDITOR—EXEMPTIONS.

Where a mortgagor averred in his affidavit, in opposition to the motion of a judgment creditor to direct the owner of the judgment of foreclosure to transfer the same to the judgment creditor on payment of the amount found due, that all payments on the price of the mortgaged premises and interest on deferred payments were paid with his pension money, and the owner of the judgment of foreclosure averred in her affidavit that she desired to retain the judgment as an investment, and the facts warranted the inference that, if the land was subject to the judgment creditor's judgment, the value of the mortgagor's equity was sufficient to pay it, and the judgment creditor did not assert his rights for more than seven years after foreclosure, the court should not grant the motion, for the mortgagor ought not to be divested of his rights until the question of his exemption from the lien of the judgment was first determined.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1709–1731; Dec. Dig. § 594.*]

Thomas, J., dissenting.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Orange County.

Action by Mary E. Danvers and another, executrices of Jane C. Cummings, deceased, against Norman A. Sly and others. From an order directing Emma S. Thompson, the owner of the judgment of foreclosure and sale of a mortgage, to assign the judgment to the First National Bank of Middletown on payment to her of the amount due, Norman A. Sly and another appeal. Reversed.

Argued before JENKS, P. J., and BURR, THOMAS, WOOD-WARD, and RICH, JJ.

George H. Decker, of Middletown, for appellants.
Alton J. Vail, of Middletown, for respondent.

RICH, J. This is an appeal from an order of the Special Term directing the present owner of a judgment of foreclosure and sale of a mortgage executed by the defendant Sly upon real property owned by him to assign and transfer such judgment to the defendant bank, upon payment to her of the amount found due and unpaid thereon.

The appellant Sly is a veteran of the Civil War and a pensioner of the United States. In 1901 he purchased a farm in Orange county for $3,000, paying $1,000 down and securing the balance by his bond and a purchase-money mortgage on the premises. This action was to foreclose the mortgage, and a decree of foreclosure and sale was entered on November 22, 1904. The amount found due and unpaid—principal, interest, and costs—was $2,256.56. Sly paid the interest and costs included in the judgment, which was assigned by the plaintiffs to Emma S. Thompson, who owns it and states in her affidavit:

"That she desires to hold and retain said judgment as an investment."

She is not a party to this action. The interest accruing since such assignment has been paid by Sly, and the premises have not run down or deteriorated in value. Sly states in his affidavit that all payments made by him on the purchase price of the farm, and interest upon deferred payments, were paid with his pension money. At the time of the commencement of this action (October 26, 1904) the defendant bank was a judgment creditor of Sly to the extent of $256.90, and was made a party defendant. On December 21, 1911, it served notice of motion for an order directing the referee appointed in said judgment to execute the same, or, in the alternative, that the amount due and unpaid upon said judgment be computed and ascertained, and said Emma S. Thompson ordered and directed to execute, acknowledge, and deliver a transfer and assignment thereof to said bank, upon payment of such amount, and that it be subrogated to all the rights and remedies of Mrs. Thompson under, and arising from, said judgment.

The learned Special Term held that the bank was entitled to the relief sought, and left it optional with Mrs. Thompson which of the forms of relief she would agree to, but ordered that, if she should fail to stipulate within 10 days which course she would pursue, the motion should be granted to the extent of directing the assignment. I do not think this order should be permitted to stand. If the state-

ment of the defendant Sly that the money paid upon the property was pension money is true, the bank has no lien thereon. If this order is affirmed, it will deprive the judgment creditor of her investment, and take from Sly his equity in his farm, and limit his statutory pension rights in the land to the surplus money, if any, arising from the sale, without in any manner benefiting the bank; for, if his statement is true, the bank can gain nothing financially by acquiring the judgment of foreclosure. The appellant ought not to be divested of his rights in his farm until the question of the exemption from the lien of the judgment of the bank is determined.

The only evidence of the value of the farm lies in the fact that Sly paid $1,000 more for it than is unpaid on the foreclosure judgment, and his affidavit that, "in his opinion, the said farm is not worth to exceed the sum of $1,000 to $1,500, over and above the said judgment of foreclosure and sale. The inference is fairly warranted that, if the land is subject to the lien of the bank's judgment of $256.90 and interest, the value of the plaintiff's equity in the land is much more than sufficient to pay it, and the judgment could be collected by a sale of the equity on execution or in supplementary proceedings, where the owner would have an opportunity to establish the exemption he claims. It seems to me that no equitable reason was shown requiring the direction that the judgment of foreclosure be assigned.

The case presented is not within the rules stated in the cases of Smith v. Jarvis, 26 Misc. Rep. 507, 57 N. Y. Supp. 483, and Kelly v. Israel, 11 Paige, 147. In both of those cases the defendant seeking relief concededly had a valid mortgage lien (subsequent to that of the foreclosure judgment) and was interested in the proceeds of the sale. In the case at bar, if the facts sworn to by the mortgagor and judgment debtor are true, the bank has no lien upon the real property involved and no interest in the proceeds of its sale. The bank has slept upon its claimed rights for more than seven years, and does not at this late day show that in any substantial way its interests have been or will be jeopardized, or in any manner affected, by past or further delay, which in the Smith-Jarvis Case, supra, was held to be a condition precedent to the exercise of the discretion vested in the court of directing a referee under a judgment of foreclosure and sale to proceed, upon the motion of a defendant, against the wishes of the plaintiff, to execute the judgment.

The order must be reversed, with $10 costs and disbursements, and motion denied, with $10 costs. All concur, except THOMAS, J., who dissents.